UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:21-cr-00002-JRS-CMM-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BISHOP HIGGINS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cr-00002-JRS-CMM |
| | ) | |
| BISHOP HIGGINS, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Bishop Higgins has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 47. Mr. Higgins has also filed a motion for leave to file supplemental exhibits. Dkt. 55. For the reasons explained below, his motion for compassionate release is **DENIED** and his motion for leave to file supplemental exhibits is **GRANTED**.

### I.    Background

In January 2022, Mr. Higgins pleaded guilty to one count of possession with intent to distribute 500 grams or more of methamphetamine (mixture) in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 824(c)(1)(A). Dkt. 40 at 1. In November 2020, Mr, Higgins transported 7,340.3 grams of methamphetamine from California to the Terra Haute, Indiana area where he planned to distribute the methamphetamine. Dkt. 30 at 4–6. Along with the methamphetamine, Mr. Higgins possessed a firearm in the vehicle he used to transport the methamphetamine. *Id.*at 6.

Mr. Higgins faced a guidelines range of 188 to 235 months of imprisonment on count 1 and a mandatory minimum sentence of 60 months on count 2 mandatorily consecutive to all other

counts. Dkt. 30 at 24. The Court sentenced him to consecutive sentences of 188 months of imprisonment on count 1 and 60 months on count 2 followed by five years of supervised release. *Id.* at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Higgins's anticipated release date (with good-conduct time included) as June 27, 2038. https://www.bop.gov/inmateloc/ (last visited August 23, 2024).

Mr. Bishop filed his motion for compassionate release *pro se*. Dkt. 47. Mr Bishop argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he is needed at home to care for his ailing mother; and (2) he suffers from numerous serious health conditions. DKt. 47. The United States opposes the motion. Dkt. 49. Mr. Bishop filed a reply, dkt. 53. Thereafter, Mr. Bishop filed a motion for leave to file supplemental exhibits along with such exhibits. Dkt. 55. Mr. Bishop's motion for leave to file supplemental exhibits is **granted**. The motion for compassionate release is now ripe for the Court's consideration.

## II.     Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*,

3

996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court will assume without deciding that Mr. Bishop has established that his health conditions and his need to provide care for this mother at him are extraordinary and compelling reasons for compassionate release. The Court nevertheless finds that Mr. Bishop is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing in his favor, he has completed drug education and other programming while in BOP. Dkt. 47-7 at 2–6. Weighing against him, Mr. Bishop committed a serious crime in which he personally transported enough methamphetamine for 14,000 users from California to Indiana. Dkt. 44 at 13. His behavior preyed on a great number of people addicted to methamphetamine for a personal profit of $122,000. *Id.* He has an extensive criminal history including several prior felony convictions for drug related crimes and multiple violent felonies. Dkt. 30 at 8–12. He has received prison sentences of multiple years for these offenses and yet continued his criminal behavior even after these prison terms. Further, Mr. Bishop has served less than 4 years of sentences totaling over 20 years and is not scheduled to be released until June 2038; thus, releasing him now would be a

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

4

substantial reduction in his sentence, and the Court cannot conclude that he will not resume criminal behavior after such a short prison term.

In light of these considerations, the Court finds that releasing Mr. Bishop early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").[2]

### III.   Conclusion

For the reasons stated above, Mr. Bishop's motion for compassionate release, dkt. [47], is **denied**, and his motion for leave to file supplemental exhibits, dkt. [55], is **granted**.

**IT IS SO ORDERED.**

Date: 09/13/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

---

[2] Mr. Bishop also asks for, in the alternative to outright release, for a furlough release. 18 U.S.C. § 3622 permits the Bureau of Prison to release a prisoner:

> if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to . . . visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of . . . visiting a relative who is dying

Mr. Bishop has not shown that such a release is appropriate in his case as there is no evidence that 30 days would be an appropriate amount of time for his release and he has not shown that he would return to custody following any furlough release.

Distribution:

All Electronically Registered Counsel


Bishop Higgins
Register Number: 25320-509
FCI Lompoc
Federal Correctional Institution
3901 Klein Blvd.
Lompoc, CA 93436